*For reversal*—Chief Justice RABNER and Justice PATTERSON—2.

83 A.3d 69

IN THE MATTER OF GERALD M. SALUTI, AN ATTORNEY
AT LAW (ATTORNEY NO. 041631992).

January 31, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–065, concluding that **GERALD M. SALUTI** of **NEWARK,** who was admitted to the bar of this State in 1992, should be suspended from the practice of law for a period of three months for violating *RPC* 1.5(b) (failing to provide client with a writing setting forth the basis or rate of the fee), *RPC* 3.3(a)(5) (failing to disclose to a tribunal a material fact knowing that its omission is reasonably certain to mislead the tribunal), *RPC* 7.1(a)(1) and (2) (making false or misleading communication about the lawyer's services that is likely to create an unjustified expectation about the results the lawyer can achieve), *RPC* 8.1(b) (failure

to cooperate with disciplinary authorities), *RPC* 8.4(a) (violating or attempting to violate the *RPCs* ), *RPC* 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (engaging in conduct prejudicial to the administration of justice), and good cause appearing;

It is ORDERED that **GERALD M. SALUTI** is suspended from the practice of law for a period of three months, effective February 28, 2014, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file' as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.